UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mary Helen Yarborough, | ) **C/A No. 2:11-2602-MBS-BHH** |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Sarah L. D. King, *DHA, Director of Office of Public Relations*; | ) |
| Raymond S. Greenberg, *M.D., Ph.D., President of the Medical University of South Carolina*; | ) |
| Practice Partners Network-McKesson, *Medical University of South Carolina*; | ) |
| MUSC Board of Trustees; | ) |
| Reece H. Smith, *MUHA Compliance*; | ) |
| Medical University Hospital Authority; | ) |
| University Medical Associates, | ) |
| Defendants. | ) |

## *Background of this Case*

Plaintiff is a resident of Little River, South Carolina. She is a former employee of the Medical University of South Carolina in Charleston. Defendant King is Plaintiff's former supervisor. Plaintiff alleges that Defendants have subject her to defamation, slander, invasion of privacy, coercion, fraud, collusion, harassment, internet crimes, violations of HIPPA, the Americans with Disabilities Act (ADA), perjury, intentional infliction of emotional distress, and financial distress. In her prayer for relief, Plaintiff seeks *(1)* "Reward equivalent to lost wages and anticipated of wages [*sic*] based upon plaintiff's anticipated

income based upon work history[;]" *(2)* "Lost retirement/pension based upon employment and anticipated employment[;]" *(3)* "Damages related to financial losses, harm[;]" *(4)* punitive damages "related to the emotional, personal, psychological and economic devastation and anticipated recovery of the defendant [*sic*][;]" and (5) "Cease/Desist and recorded apology of all forms of negative, fraudulent and otherwise harmful and unhelpful statements regarding plaintiff as a person, former employee, by the defendant [*sic*] and all associates."  In a separate motion (ECF No. 5), Plaintiff also seeks a temporary restraining order to prevent threats, retaliation, and "influence of harm" for filing this case.[1]

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

---

[1]Plaintiff's Motion (ECF No. 5) should be construed as a Motion for Preliminary Injunction under Rule 65(a) rather than as a request for a temporary restraining order under Rule 65(b).  Under Rule 65(a), a district court "may issue an preliminary injunction only on notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).  Plaintiff clearly cannot satisfy the "attorney certification" requirement of Rule 65(b)(1)(B) because Plaintiff is not an attorney admitted to practice before this Court.

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson v. Pardus*, 551 U.S. at 93 (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). *See also Ashcroft v. Iqbal*, ___U.S. ___, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct a plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction,

"constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352.

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399 (*citing* 2 *Moore's Federal Practice* § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The Medical University of South Carolina and its Board of Trustees are immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a

4

suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

State-funded and state-governed colleges and universities are immune from suit under the Eleventh Amendment. *See Clemson University v. W. R. Grace and Co.*, 1991 WL 112319 (D.S.C., June 18, 1991) (court looks into state's control over day-to-day operations to determine that Clemson University is an alter ego of the State), the Medical University of South Carolina is not a "person" subject to suit pursuant to 42 U.S.C. § 1983. *See also Cady v. SUNY Cortland*, 2000 WL 1456285 (N.D.N.Y. Sept. 19, 2000) (State University of New York at Cortland and its campus police department immune from suit under Eleventh Amendment); and *Maryland Stadium Authority v. Ellerbe Becket, Inc.*, 407 F.3d 255, 262-63 (4th Cir. 2005).

In the Complaint and exhibits, Plaintiff alleges that she was subjected to a hostile work environment. This type of claim is, often, raised in employment discrimination cases alleging sex discrimination. *See Ziskie v. Mineta*, 547 F.3d 220, 224 (4th Cir. 2008), which is cited in *Whitten v. Fred's, Inc.*, 601 F.3d 231, 242 (4th Cir. 2010).

The Congress has abrogated Eleventh Amendment immunity in the realm of employment discrimination. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456-57 (1976) (in enacting Title VII, the Congress abrogated the States' Eleventh Amendment immunity). Nonetheless, the above-captioned case is not maintainable as an employment discrimination action because the Complaint contains no indication that Plaintiff submitted an administrative charge to the Equal Employment Opportunity Commission (EEOC) or the South Carolina Human Affairs Commission (SHAC). The employment discrimination provisions of the Civil Rights Act of 1964 (Title VII) (as amended) are codified at 42 U.S.C. §§ 2000e to 2000e-16. Title VII creates a federal cause of action for employment discrimination. *Davis v. North Carolina Dept. of Corrections*, 48 F.3d 134, 136-37 (4th Cir. 1995). A Title VII claimant must first exhaust administrative remedies before filing a lawsuit in federal district court. *See Sloop v. Memorial Mission Hospital, Inc.*, 198 F.3d 147, 148 (4th Cir. 1999), which is cited in *Vester v. Henderson*, 178 F. Supp. 2d 594, 595 & n. 1 (M.D.N.C. 2001), *affirmed*, *Vester v. Postmaster General*, No. 02-1154, 50 Fed. Appx. 110, 2002 WL 31476914 (4th Cir. Nov. 6, 2002).

A federal district court can assume jurisdiction over a Title VII claim only after the claimant has complied with the various administrative procedures set forth in 42 U.S.C. § 2000e-5(b). *Davis v. North Carolina Dep't of Correction*, 48 F.3d at 136-37. These procedures "include an investigation of the complaint and a determination by the [Equal Employment Opportunity Commission (EEOC)] as to whether 'reasonable cause' exists to believe that the charge of discrimination is true." *Id.* at 137. The plaintiff's claim with the EEOC "defines the scope of [his or her] subsequent right to institute a civil suit." *Smith v.*

6

*First Union National Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Only claims "reasonably related" to those in the EEOC charge may be advanced in a subsequent civil suit. *Id.*

When the State in which the alleged discrimination occurred has enacted a law "prohibiting the unlawful employment practice alleged" and has establish[ed] or authorize[d] a State or local authority to grant or seek relief from such practice," proceedings must first be commenced under such state or local law before a charge may be filed with the EEOC. *Davis v. North Carolina Department of Correction*, 48 F.3d at 137 (*quoting* § 2000e-5(c)).

In *Davis v. North Carolina Department of Correction*, the United States Court of Appeals for the Fourth Circuit (in which Circuit this District Court sits) summed up the process by which a federal district court obtains Title VII subject matter jurisdiction:

> Title VII thus establishes a multi-tiered administrative scheme pursuant to which a claimant is required first to file a discrimination claim under state law, where such law exists, and may not proceed to federal district court until state proceedings under state law have commenced and, after the deferral period, the EEOC has made its own determination as to the validity of complainant's claim and issued a right-to-sue letter.

*Davis*, 48 F.3d at 138.

South Carolina has anti-discrimination laws similar to those of Title VII and a "deferral agency" with essentially the same powers as the EEOC – the South Carolina Human Affairs Commission (SHAC). Accordingly, a claimant must first file his or her claim with such agency within one hundred eighty (180) days from the last act of discrimination. *See Davis*, 48 F.3d at 138 (under § 2000e-5(c), "commencement of proceedings under state law is a prerequisite to EEOC action where a state remedial scheme exists."). The purpose of this deferral procedure is to give the state agency a chance to resolve the claim

and thereby possibly obviate the need for the involvement of the federal agency or courts.[2] *See Davis*, 48 F.3d at 136.

Thus, Title VII "provides that a federal discrimination claim brought by a private party cannot be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim." *Davis*, 48 F.3d at 138 (citing § 2000e-5(b)). The EEOC must then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter to the claim, "which letter is *essential* to initiation of a private Title VII suit in federal court." *Id.*

The United States Court of Appeals for the Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis*, 48 F.3d at 140. Hence, where the complaint does not allege that a plaintiff has complied with Title VII's prerequisites, "the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'" *Id.* (*quoting United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)). This District Court, therefore, cannot exercise jurisdiction over Plaintiff's Title VII claims. The Court of Appeals has also held that exhaustion is required under the Americans with Disabilities Act. *Davis v. Virginia Commonwealth University*, 180 F.3d 626, 628 n. 3 (4th Cir. 1999) ("Before bringing a civil suit for an ADA violation, the aggrieved party must file a charge with the EEOC.").

Moreover, under the holding in *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177 (4th Cir. 1998), the Defendants other than the Medical University of South Carolina cannot

---

[2] The timely filing of a verified claim with the EEOC is another precondition to filing suit. In South Carolina and other deferral states, the complaint must be filed with the EEOC by the earlier of 300 days from the last discriminatory act or 30 days from the termination of the state agency's proceeding.

be held liable under Title VII because they were not Plaintiff's employer.  Also, non-employers are not liable under the Americans with Disabilities Act for employment personnel decisions.  *Stephens v. Kay Management Co., Inc.,* 907 F. Supp. 169, 173-74 (E.D. Va. 1995) (no individual ADA liability for delegable personnnel decisions such as termination).

The Complaint may also be liberally construed as an attempt to raise claims arising under South Carolina law, such as defamation,[3] fraud,[4] invasion of privacy,[5] or the tort of outrage.[6] A state law cause of action would be cognizable in this federal court under the diversity statute, if that statute's requirements are satisfied.  *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, No. 92-2368, 10 F.3d 806 [Table], 1993 WL 478836 (4th Cir. Nov. 22, 1993).  The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

---

[3] *See Erickson v. Jones St. Publishers, L.L.C.*, 368 S.C. 444, 464, 629 S.E.2d 653, 664 (2006).

[4] *See Enhance-It, L.L.C. v. American Access Technologies, Inc.*, 413 F. Supp. 2d 626, 629-30 (D.S.C. 2006) (noting nine elements for a cause of action for fraud under South Carolina law).

[5] South Carolina recognizes the tort of invasion of privacy.  *See Rycroft v. Gaddy*, 281 S.C. 119, 314 S.E.2d 39, 42 (S.C.Ct.App.1984).  An employee, however, has no reasonable expectation of privacy in computer files, e-mails, and electronic data maintained at his or her workplace.  *United States v. Simmons*, 206 F.3d 392 (4th Cir. 2000).

[6] *See Frazier v. Badger*, 361 S.C. 94, 104, 603 S.E.2d 587, 592 (2004); and *Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981).

> value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). Since Plaintiff and all Defendants are citizens of South Carolina, complete diversity of parties is not present in this case. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Plaintiff is not without a remedy for any claims arising under South Carolina law: she can bring suit in a court of general jurisdiction, such as a Court of Common Pleas, in the State of South Carolina's unified judicial system.

Plaintiff does not have a private right of action for alleged violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). *See Landry v. North Carolina*, Civil Action No. 3:10-CV-0585–RJC-DCK, 2011 WL 3683231, *9 (W.D.N.C. March 11, 2011) ("'There is no private cause of action under HIPAA.'")(collecting cases), *adopted*, 2011 WL 3682788 (W.D.N.C. Aug. 23, 2011). Also, the United States Department of Health and Human Services ("DHHS") stated in its Final Rule for Standards for Privacy of Individually Identifiable Health Information that "[u]nder HIPAA, individuals do not have a right to court action." 65 Fed. Reg. 82601 (Dec. 28, 2000).

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without service of process. It is also recommended

that Plaintiff's Motion for a Temporary Restraining Order (ECF No. 5) and Motion "to Access-Preserve Records" (ECF No. 9) be **denied**.  *See* 28 U.S.C. § 1915.  Plaintiff's attention is directed to the important Notice on the next page.

                                            s/Bruce Howe Hendricks
                                            United States Magistrate Judge

October 3, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that she may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).